UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ARMANDO JONES,

                      Plaintiff,

     – against –

ALBERTO GONZALEZ, ATTORNEY
GENERAL, DEPT. OF JUSTICE,

                      Defendant.
----------------------------------------------------------X

**MEMORANDUM and ORDER**

05-CV-1387 (SLT)(LB)

**TOWNES, United States District Judge:**

      Plaintiff Armando C. Jones – a Senior Officer Specialist employed at the Metropolitan Detention Center in Brooklyn – brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that his employer, the United States Department of Justice ("DOJ"), discriminated against him on account of his race, color and national origin. Defendant now moves to dismiss plaintiff's complaint or, in the alternative, for summary judgment on the ground that plaintiff was late both in filing his formal administrative complaint and in filing his appeal from DOJ's final decision regarding his claim. For the reasons stated below, defendant's motion to dismiss is granted and this action is dismissed.

## BACKGROUND

      Plaintiff instituted this action in March 2005 by filing a complaint (the "Complaint") alleging discriminatory acts that purportedly began on or about September 1, 2002. See Complaint at ¶ 4. According to a chronology attached to the Complaint, plaintiff made his "[f]irst official contact with [an Equal Employment Opportunity ("EEO")] Counselor" on October 21, 2002. *See* "Facts of the Case #1" (appended to the Complaint as an unmarked exhibit) at 5. On that date, the Counselor provided him with a "Notice of Rights and

Responsibilities," a copy of which is also attached to the Complaint. That notice – which was signed by plaintiff on October 21, 2002, but not countersigned by the EEO Counselor – indicates that plaintiff chose to proceed with EEO Counseling rather than an alternative dispute resolution ("ADR") process.

Counseling failed to resolve the matter to plaintiff's satisfaction and on January 21, 2003, plaintiff's EEO Counselor, A. Pat Smith, gave plaintiff a written notice of his right to file a Complaint of Discrimination.[1] The notice itself is not attached to the Complaint, but a document which is attached – entitled "Complainant['s] Statement of Facts" – contains a detailed, page-long account of the events of January 21, 2003. *See* Complainant['s] Statement of Facts (appended to the Complaint as an unmarked exhibit) at 1. In this document, plaintiff states that he contacted the EEO Counselor at 7:30 on the morning of January 21st to ask when they could meet, and was told by the Counselor to talk to his supervisor about setting a time. *Id.* A supervisor granted plaintiff's request to meet with the Counselor. Before plaintiff could do so, however, he was forced to attend some sort of disciplinary hearing at which he was summarily re-assigned to a housing unit. This re-assignment made it difficult for plaintiff to meet with the EEO Counselor, but plaintiff nonetheless managed to do so. Plaintiff acknowledges receiving and signing the "Right to File Notice" on January 21, 2003, *id.*, but claims that the Counselor did not have sufficient time to explain the administrative process or to mention the time limitations for filing a formal complaint.

---

[1] To avoid possible confusion, this Court will use the terms "EEO Complaint" and "Complaint of Discrimination" to refer to the administrative complaint. When used alone, the term "Complaint" refers to the complaint in this action.

One week later, on January 28, 2003, plaintiff was injured while trying to restrain an inmate in the housing unit. *See* "Facts of the Case #1" at 6. Plaintiff did not return to work until March 24, 2003. *Id.* Nonetheless, plaintiff alleges that he saw his EEO Counselor again on February 25, 2003, when he learned for the first time that his EEO Complaint had to be filed within 15 days of his receipt of the notice of his right to file. Complainant['s] Statement of Facts at 3. It is not clear precisely when his EEO Complaint was ultimately filed; plaintiff signed his Complaint of Discrimination on February 25, 2003, but the copy of the EEO Complaint which is appended to plaintiff's complaint was date-stamped March 10, 2003, by the EEO Office of the Federal Bureau of Prisons.

Defendant subsequently moved to dismiss the Complaint of Discrimination, alleging that plaintiff had failed to file it within 15 days of receiving the Notice of Right to File a Discrimination Complaint. In an Order of Dismissal dated June 16, 2004, Administrative Judge David Norken granted that motion and dismissed plaintiff's Complaint of Discrimination as untimely. The Complaint Adjudication Office of the DOJ subsequently adopted Judge Norken's decision and informed plaintiff of this final agency decision in a letter dated July 28, 2004 (hereinafter, the "Final Agency Decision" or "FAD"). The Final Agency Decision also advised plaintiff that he had 30 days from the date of his receipt of the FAD in which to file an appeal with the Equal Employment Opportunity Commission ("EEOC").

Plaintiff filed an appeal. However, according to a decision issued by the EEOC's Office of Federal Operations on December 13, 2004, plaintiff received a copy of the FAD on August 2, 2004, but did not postmark his Notice of Appeal until September 2, 2004 – 31 days later. *See* Dismissal of Appeal (appended to the Complaint as an unmarked exhibit) at 1. Accordingly, the

3

EEOC dismissed plaintiff's appeal as untimely, and advised plaintiff that he had a right to file suit in a United States District Court within 90 days of the date he received the EEOC's decision.

On March 15, 2005, plaintiff commenced this action. Defendant now moves to dismiss on the ground that plaintiff failed to properly or timely exhaust his administrative remedies. First, defendant argues that plaintiff failed to file his EEO Complaint within 15 days of his receipt of the notice of his right to file it, as required by 29 C.F.R. §§ 1614.105(d) and 1614.106(a) and (b). Second, defendant contends that plaintiff's administrative appeal of the Final Agency Decision was late in that it was not postmarked within 30 days of plaintiff's receipt of the FAD. In support of these two arguments, defendant submits various exhibits, some of which are also appended to plaintiff's complaint. Therefore, while defendant principally moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), defendant also moves, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.

## DISCUSSION

*The Rule 12(b)(6) Standard*

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. *See*, *e.g.*, *Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002), *cert. denied*, 537 U.S. 1227 (2003); *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). A court "may not dismiss a complaint unless 'it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle [the plaintiff] to relief.'" *Jaghory*, 131 F.3d at 329 (quoting *Hoover v. Ronwin*, 466 U.S. 558, 587 (1984)

4

(Stevens, J., dissenting)). Moreover, pleadings drafted by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

In deciding a Rule 12(b)(6) motion, a court's "consideration is limited to the factual allegations in plaintiffs' [pleading] . . . , to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P*, 949 F.2d 42, 47-48 (2d Cir. 1991), *cert. denied*, 503 U.S. 960 (1992)). If material other than that listed above "is presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . .'" *Id.* (quoting Fed. R. Civ. P. 12(b)). However, affirmative defenses, such as statute of limitations claims, "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment, if the defense appears on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998); *see Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162 (2d Cir. 1989).

Although defendant has submitted numerous exhibits in support of his motion to dismiss, the facts essential to deciding defendant's first argument – that plaintiff filed his EEO Complaint more than 15 days after receiving the notice of his right to file it – are also apparent from

exhibits to the Complaint. Accordingly, this Court does not need to convert this motion into one for summary judgment in order to address defendant's first argument.

*Defendant's First Argument*

This action is brought pursuant to Title VII, which is "the exclusive remedy for discrimination by the federal government on the basis of race, sex or national origin." *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996); *see Brown v. Gen. Services Admin.*, 425 U.S. 820, 829 (1976). Before bringing an action under Title VII, however, a plaintiff must "exhaust available administrative remedies in a timely fashion." *Pauling v. Sec'y of Dep't of Interior*, 160 F.3d 133, 133 (2d Cir. 1998) (quoting *Briones*, 101 F.3d at 289). "Exhaustion of administrative remedies requires that a federal employee comply with EEOC regulations." *Dillard v. Runyon*, 928 F. Supp. 1316, 1323 (S.D.N.Y. 1996), *aff'd*, 108 F.3d 1369 (2d Cir. 1997).

These regulations, set forth in 29 C.F.R. 1614.101 *et seq.*, establish an elaborate procedure which federal employees must follow before bringing a Title VII action. First, an employee who believes he or she has been discriminated against on the basis of race, color or national origin must consult a Counselor within 45 days of the alleged discrimination "in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). Unless the employee chooses an alternative dispute resolution process, the Counselor has 30 days to attempt resolution, although the employee can extend this deadline for as many as sixty days. 29 C.F.R. § 1614.105(d). If the matter cannot be resolved within the time allowed, the Counselor must conduct a "final interview," and give the employee written notice that he or she has a right to file, within 15 days of his or her receipt of the notice, a Complaint of Discrimination. *Id.* That Complaint of Discrimination "must be filed within 15 days of receipt of the notice required by § 1614.105(d)

. . . ." 29 C.F.R. § 1614.106(b).

Timely exhaustion of these administrative remedies "is not a jurisdictional prerequisite to filing suit in federal court," but is "treated as a statute of limitations." *Nghiem v. United States Dep't of Veteran Affairs*, 451 F. Supp. 2d 599, 606 (S.D.N.Y. 2006). The requirement that a federal employee timely exhaust these administrative remedies "is, therefore, considered subject to waiver, estoppel, and equitable tolling." *Briones*, 101 F.3d at 290. For example, in *Boos v. Runyon*, 201 F.3d 178 (2d Cir. 2000), the Second Circuit held that a federal employee's failure to seek EEO counseling within 45 days of the allegedly discriminatory incident was not a jurisdictional defect and was subject to equitable tolling, even though the plaintiff in that case failed to make a showing that would justify such tolling. Similarly, in *Belgrave v. Pena*, 254 F.3d 384 (2d Cir. 2001), the Second Circuit ruled that a federal employee's failure to file his EEO Complaint within 15 days of his receipt of the notice of the right to file such complaint could be "asserted by the government as an affirmative defense," and that the plaintiff in that case had not established that the government had waived that defense.

In this case, defendant principally argues that plaintiff failed to comply with the 15-day deadline for filing his EEO Complaint. Although defendant's memorandum of law refers to documents submitted as part of defendant's motion papers, plaintiff's failure to comply with the 15-day deadline is equally apparent from documents attached to the Complaint. One of these documents – the Complainant['s] Statement of Facts – states that plaintiff received a notice of his right to file an EEO Complaint on January 21, 2003. *Id.* at 1. Another document attached to the complaint – a copy of the first page of plaintiff's "Complaint of Discrimination" – clearly states that the EEO Complaint was not even signed until February 25, 2003. It is thus apparent from the documents attached to the complaint in this action that plaintiff failed to meet the 15-

7

day deadline set forth in 29 C.F.R. § 1614.106(b).

Plaintiff essentially concedes these facts, but suggests that the 15-day deadline should be equitably tolled. "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, ___U.S.___, 127 S.Ct. 1091, 1100 (2007). The Second Circuit has recognized that "a statute of limitations may be tolled as necessary to avoid inequitable circumstances," such as "where a party has been prevented in some extraordinary way from exercising his rights." *Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C.*, ___F. Supp. 2d___, 2007 WL 570130, at *16 (E.D.N.Y. Feb. 21, 2007) (quoting *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir. 2000)). For example, equitable tolling has been allowed in cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). However, federal courts "have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

"The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff." *Boos*, 201 F.3d at 185. However, plaintiff in this case has not demonstrated the sort of unusual circumstances which would justify equitable tolling. Plaintiff principally alleges that his supervisors fabricated disciplinary charges on January 21, 2003, then re-assigned him, in an effort to interfere with plaintiff's January 21, 2003, meeting with the EEO Counselor. However, even assuming that these allegations are true, plaintiff states that he nonetheless managed to meet with the EEO Counselor that day and received "the Formal Discrimination Complaint Right to File Notice Form." Complainant['s] Statement of Facts at 1.

Plaintiff does not allege that the notice was defective in any way. Rather, plaintiff asserts

8

that "[t]he counselor has the responsibility to explain to the individual . . . the right to file a discrimination complaint," and that he was "unable to appropriately speak to the counselor and understand the specifics of the Right to File Notice."  Plaintiff's Affirmation in Opposition to Defendant's Motion at 5.  However, the EEOC regulations do not require that the EEO Counselor *orally* inform an employee of the 15-day deadline or explain the process of filing a Complaint of Discrimination.  The regulations explicitly require that, at a "final interview," the employee "shall be informed *in writing* by the Counselor . . . of the right to file a discrimination complaint [and] . . . of the right to file a discrimination complaint within 15 days of receipt of the notice, [and] of the appropriate official with whom to file a complaint . . . ." 29 C.F.R. § 1614.105(d) (emphasis added).

Plaintiff does not specifically allege that he was unable to understand that portion of the notice which explained the 15-day deadline, and does not explain why he was unable to communicate any questions he might have had to the EEO Counselor during the 15 days following his receipt of the notice.² Although plaintiff states that he injured his back on January 28, 2003 – a day on which he was scheduled to meet with the EEO Counselor to discuss the notice – plaintiff does not explain why he failed to contact the Counselor in the week prior to

---

²Plaintiff's own papers, which are far more articulate than most *pro se* submissions, indicate that plaintiff is highly literate.  Defendant has submitted the one-page "Notice of Right to File a Discrimination Form" received by plaintiff, which clearly advises plaintiff that he is entitled to file a "formal discrimination complaint," and that this complaint "must be in writing, signed, and filed, in person or by mail within 15 days after receipt of this notice . . . ." Exhibit 3 to the Memorandum of Law in Support of Defendant's Motion to Dismiss.  Plaintiff does not specifically state that he did not understand this portion of the notice, so this Court need not consider this exhibit in deciding this motion.  However, this Court notes that it would be futile for the highly articulate plaintiff to argue that he somehow failed to understand the plain meaning of this language.

January 28, 2003, or could not use the telephone during the week following his injury. Indeed, this Court notes that plaintiff's injury did not prevent plaintiff from speaking with his Counselor on February 25, 2003 – several weeks before his return to work following his injury.

Since the exhibits attached to the Complaint establish that plaintiff failed to file his EEO Complaint within 15 days of his receipt of the written notice of his right to file the Complaint of Discrimination, and since plaintiff has not established a basis for allowing equitable tolling of this 15-day period, the instant action shall be dismissed for failure to timely exhaust administrative remedies.[3]

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted and this action is dismissed. The Clerk of Court is hereby directed to enter judgment in favor of defendant and to close this case.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 19, 2007

---

[3]In light of this conclusion, it is unnecessary for this Court to consider defendant's second argument, which contends that plaintiff failed to file his administrative appeal within 30 days of his receipt of the FAD.